## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

JOYCE CORNETT                      :          CASE NO. 04-1411
                                   :
     v.                            :
                                   :
NATHANIEL EDWARDS, JR.             :
    and                             :
FEDERAL EXPRESS CORP.              :

### PROPOSED JOINT FINAL PRETRIAL ORDER

**Plaintiff's Counsel:**

Timothy M. Rafferty              Thomas Sacchetta
P.O. Box 627                    Sacchetta & Baldino
Hockessin, DE 19707             308 East 2nd Street
                                Media, PA 19603

**Defendant's Counsel:**

Delia Clark No. 3337            Dawn L. Jennings
300 Delaware Avenue, Suite 1015  The Widener Building
Wilmington, DE 19801            One South Penn Square
                                Philadelphia, PA 19107

## I.    Nature of the Case

This case arises out of a motor vehicle accident on November 1, 2002.  At about  5:48 a.m., Plaintiff, Joyce Cornett, was driving south on Dupont Highway North at or near its intersection with Franklin Avenue in New Castle, Delaware.  At the same time, defendant Nathaniel Edwards, was driving a FedEx truck and stopped on the right shoulder of Dupont Highway North between Franklin Avenue and VanBuren Ave, in New Castle, Delaware.  The accident occurred when Cornett struck the rear of the FedEx vehicle.

Cornett claims personal injuries and damages as a result of the motor vehicle accident.  Edwards and FedEx deny that they caused the accident and Cornett's claimed injuries and damages.

## II.    Jurisdiction

A.    This is an action for:  damages

B.    The jurisdiction of the Court is not disputed.
      1.    Jurisdiction is based on the diversity of the parties pursuant to 28 U.S.C. §1332

### III.     Uncontroverted Facts

The following facts are not disputed or have been agreed to or stipulated to by the parties:

1.     Joyce Cornett was driving a 1989 Buick Skylark on November 1, 2002 at approximately 5:48 a.m. on November 1, 2002
2.     Nathaniel Edwards was the operator of a FedEx truck stopped on the shoulder of North Dupont Highway on November 1, 2002.
3.     The accident occurred on Dupont Highway North (Route 13) in New Castle, Delaware
4.     Nathaniel Edwards was employed by FedEx at the time of the motor vehicle accident.

The parties further stipulate to the following:

1.     Past lost wages of plaintiff shall be reduced by the $15,000 wage loss paid by PIP to plaintiff.

2.     The plaintiff shall not introduce any evidence regarding the award and receipt of Social Security benefits.

3.     The parties agree to stipulate to the authenticity of the medical and employment records.

### IV.     Agreed to Issues of Law:

The parties agree that the following are the issues to be decided by the Court:

1.     negligence
2.     Comparative and contributory negligence
3.     causation
4.     damages

### V.     Witnesses (Please not those who will testify by deposition)

A.     List of witnesses the plaintiff expects to call, including experts:

1.     Expert Witnesses
a.     Dr. Sung Ho Bae – possibly video
b.     Dr. David Massari
c.     David Bunin
d.     Royal Bunin
e.     Mark Lukas
f.     Dr. Randeep Kahlon – possibly video
g.     Dr. Joanne Viola – possibly video

Defendant objects to the expert testimony of Dr. Randeep Kahlon and Dr. Joanne Viola. Plaintiff provided no previous notice that these individuals were experts to testify at the time of trial.    Furthermore, defendants have received no expert report or Rule 26 disclosures of these individuals.

2.      Non-expert Witnesses

a.      Nathaniel Edwards
b.      Kathy Graham
c.      Joyce Cornett
d.      Louis Hendricks
e.      Howard Jaffe
f.      Officer R. Evans
g.      Ed Dever

B.      List of witnesses defendant expects to call, including experts:

1.      Expert witnesses

a.      Stephen Fedder, M.D. –neurosurgeon:  possibly by video deposition

2.      Non-expert witnesses

a.      Nathaniel Edwards
b.      Kathy Graham
c.      Joyce Cornett- as if on cross-examination
d.      Louis Hendricks
e.      Howard Jaffe

Custodian of records of:

f.      Christiana Health Care Services
g.      First State Orthopedics
h.      Dr. Joann Viola
i.      Dr.  Dianne Westenberger
j.      Henrietta Johnson Medical
k.      Neurology Associates
l.      X-ray Associates
m.      Dynamic Physical Therapy
n.      Dr.  Dinesh Kotak
o.      Delaware Neurological Associates
p.      Physiatrist Associates
q.      St.  Francis Hospital
r.      Southbridge Advisory Council
s.      State of Delaware Dept. of Public Safety Division of Motor Vehicles
t.      State of Delaware, Dept. of Finance (tax records)
u.      Dr.  Donald Archer
v.      Marvi Cleaners
w.      The Laundry Basket
x.      Christiana Care Imaging
y.      Internal Revenue Service
Defendants reserve the right to call any and all witnesses identified in plaintiff's pre-trial

memorandum.  Defendants reserve the right to supplement this witness list.

C.    If there are any third parties to the action, they should include an identical list of witnesses as that contained in Parts A and B above.  Not applicable.

D.    Rebuttal Witnesses:  Each of the parties may call such rebuttal witnesses as may be necessary, without prior notice  thereof to the other party.

## VI.    Exhibits

As set for the in Local Rule 16.4(d)(6), "A list of pre-marked exhibit, including designations of interrogatories and answers thereto, request for admission's and responses, which each party intended to offer at the trial with a specification of those which will be admitted in evidence without objection, those that will be objected to and the Federal Rule of Evidence in support of said objection and the Federal Rule of Evidence relied upon by the proponent of the exhibit."

A.    Plaintiff's Exhibits

See attached Exhibit List

B.    Defendants' Exhibits:

See attached Exhibit List

## VII.    Damages

An itemized statement of all damages, including special damages:

Plaintiff is making a claim for non-economic damages, including pain and suffering, both past, present and future, loss of life's pleasures, past,   present and future,  life expectancy, disfigurement, embarrassment and humiliation, past, present and future wage loss as itemized in expert report of Dr. David Bunin, as well as past, present and future medical expenses as set forth in plaintiff's exhibits.

Defendants object to any medical expenses not provided during the course of discovery.

## VIII.    Bifurcated Trial:

Defendants' request that trial be bifurcated.    Plaintiff, a 59 year-old woman, blind in right eye and with a history of epileptic seizures, struck the rear of the FedEx truck which was stopped on the right shoulder of the south side of North Dupont Highway in New Castle, Delaware.  According to Edwards and the independent witness, Louis Hendricks, the FedEx truck had lights activated at the time of the collision. Plaintiff moved to travel on the right shoulder in an attempt to turn right on to Van Buren Avenue.  Given the liability issues, bifurcation of the trial would promote judicial economy, avoiding any unnecessary testimony of

the injuries and damages until liability is determined.  It will also avoid any prejudice to the defendants given plaintiff's injuries and damages.

## IX.    Trial Briefs

Motions *in limine* shall not be separately filed.  Any *in limine* requests shall be set forth, with citation to authorities and brief argument, in the proposed pretrial order.  Each party shall be limited to five *in limine* request, unless otherwise permitted by the Court.  Briefing shall not be submitted on *in limine* requests, unless otherwise permitted by the Court.

### Plaintiff's Motions *in Limine*

1.    Plaintiff's motion to preclude videotape/photographs/testimony
2.    Plaintiff's motion to preclude testimony of defense medical witness

### Defendants' Motions *in Limine*

1.    Motion *in limine* to preclude evidence of photographs of the vehicle and accident scene.

## X.    Limitations, Reservations and Other Matters

A.    **Length of Trial**.  The probable length of trial is 4 to 5 days.  The case will be listed on the trial calendar to be tried when reached.

Mark appropriate box:    Jury___x_____
                         Non Jury _____

B.    **Number of Jurors.**   there shall be six jurors and _____ alternate jurors.

C.    **Jury Voir Dire.**  The Court will conduct voir dire.  If voir dire questions are to be tendered, they should be submitted with the final pretrial order.

IT IS ORDERED that this Final Pretrial Order may be modified at the trial of the action

or, prior thereto, to prevent manifest injustice or for good cause shown.  Such modification may

be made either on application of counsel for the parties or on motion of the Court.


Dated:                        _____
                              U.S. District Judge Kent A. Jordan

RAWLE & HENDERSON LLP

/s/Timothy Rafferty
Timothy M. Rafferty
P.O. Box 627
Hockessin, DE 19707

/s/ Delia Clark
Delia A. Clark, No. 3337
300 Delaware Avenue, Suite 1015
Wilmington, DE 19801


/s/ Thomas Sacchetta
Thomas F. Sacchetta
Sacchetta & Baldino
308 East 2nd Street
Media, PA 19603
Attorneys for Plaintiff

/s/ Dawn Jennings
Dawn L. Jennings
The Widener Building
One South Penn Square
Philadelphia, PA 19107
Attorneys for defendants