IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOYCE CORNETT | : | CASE NO. 04-1411-KAJ |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| NATHANIEL EDWARDS, JR. | : | |
| and | : | |
| FEDERAL EXPRESS | : | |
| Defendants | : | |

PLAINTIFF JOYCE CORNETT'S MOTION IN LIMINE
TO PRECLUDE TESTIMONY OF DEFENSE MEDICAL WITNESS

Plaintiff, Joyce Cornett, by and through her undersigned counsel, hereby moves this Court for an Order precluding testimony and/or introduction of the September 21, 2005, report of defense medical witness, Stephen L. Fedder, M.D. at the trial of this matter, and in support of her motion states as follows:

1.  Defendants have identified Dr. Stephen L. Fedder as a medical expert for trial in this matter, which is scheduled to commence on May 22, 2006.

2.  Dr. Fedder prepared a narrative report for defendant on September 21, 2005, which was produced to the plaintiff. A true and accurate copy of Dr. Fedder's report is attached hereto and marked Exhibit "A."

3.  Dr. Fedder concludes on page 3 of his report that "given these facts along with her neurological history Ms. Cornett in all probability hit the truck because of inability to see it in her restricted field. Given the subtherapeutic level of Dilantin noted in the ED and her clinical history it is also possible she developed a seizure impairing her ability to operate her car."

4.  No other report has been provided by Dr. Fedder. Dr. Fedder is a neurosurgeon. His opinions as set forth in his report have not met the requisite standard within which he can give testimony. Nowhere in his report does Dr. Fedder indicate that his opinions are within a reasonable degree of

probability.

5.     Dr. Fedder, a neurosurgeon, apparently is attempting to give testimony with regard to how the accident occurred, which is clearly outside of his expertise.

6.     The admissibility of expert testimony in Federal courts is regulated by Federal Rules of Evidence (F.R.E.). F.R.E. 702 provides:

> If scientific, technical or other specilized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education might testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods and (3) the witness has applied the principles and methods reliably to the facts of the case.

7.     F.R.E. 702 was amended December 1, 2000, in response to Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993). In Daubert and its progeny, Como Tire Co. Ltd. v. Carmichael, 526 U.S. 137 (1999), the U.S. Supreme Court charged District Court judges with the responsibility to act as "gatekeepers" in excluding unreliable expert testimony.

8.     The Daubert court noted that the expert's "knowledge" needs to be based upon more than just subjective belief or unsupported speculation. Daubert, 589, 590. While the specific Daubert analysis was limited solely to the scientific context, the court noted that "technical, or other specialized knowledge" also implied a grounding in the methods and procedures of those relevant areas. Daubert, 589, 590 (at footnote 8).

9.     Dr. Fedder's opinions regarding how the accident occurred are based upon no reliable or scientific methodology, are not based upon sound methodologies and principles, and therefore require exclusion under Delaware Rule of Evidence 702.

10. Dr. Fedder's opinions are not based upon scientific facts or data, are not based upon reliable principles and methods, and will not assist the trier of fact to understand the evidence or to determine the facts in issue, as required by F.R.E. 702. Daubert held that the "focus. . .must be solely on principles and methodology, not on the conclusions they generate." Daubert, 509 U.S. @595. Dr. Fedder's entire opinion should therefore be precluded under Daubert and F.R.E. 702.

11. Any and all arguments and/or reference to any allegations that plaintiff hit the truck through failure to see it in a restricted field of vision, or a suggestion that she might have developed a seizure, impairing her ability to operate a car, should be precluded from the trial, including in opening arguments, questioning of witnesses, and closing arguments, so as not to prejudice the plaintiff.

WHEREFORE, plaintiff respectfully requests that the testimony of defense medical witness Dr. Stephen L. Fedder be precluded from trial.

SACCHETTA & BALDINO

BY: _____
THOMAS F. SACCHETTA, ESQUIRE
308 East Second Street
Media, PA 19063
(610) 891-9212

Dated: April 10, 2006