IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOYCE CORNETT | : | CASE NO. 04-1411 |
| | : | |
| v. | : | |
| | : | |
| NATHANIEL EDWARDS, JR. | : | |
| and | : | |
| FEDERAL EXPRESS CORP. | : | |

**DEFENDANTS' MOTION *IN LIMINE* TO
PRECLUDE EVIDENCE OF PHOTOGRAPHS AT TRIAL**

**I.   ARGUMENT**

Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Expert testimony is required to provide opinions which are outside of the common knowledge of laymen. The test for determining when expert testimony is required is the "common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute." F.R.E. 702 Advisory Committee notes citing Ladd Expert Testimony, 5 Vand. L. Rev. 414, 418 (1952).

In the present case, plaintiff seeks to introduce into evidence at trial photographs depicting the damage to plaintiff's vehicle as a result of the motor vehicle accident for the purpose of arguing that plaintiff sustained a serious injury in this accident. Evidence relating the nature and extent of vehicle property damage to a plaintiff's personal injuries is beyond the

common knowledge of laymen. It requires specialized knowledge about crashworthiness, including a cause and effect analysis of vehicular impacts as well as the mechanics of the movement of the human body during the impact. Such an analysis demands a technical understanding of the engineering principles and materials used in the design of the vehicle involved as well as specialized knowledge concerning human tolerance and injury threshold. In their common experience, laymen generally do not possess this specialized technical expertise or knowledge.

Delaware Courts, applying D.R.E. 702, which mirrors F.R.E. 702, have consistently held that a party in a personal injury case may not directly relate the seriousness of personal injuries to the extent of property damage sustained by that party's motor vehicle unless the party can produce competent expert testimony on the issue. See *Davis v. Maute*, 770 A.2d 36 (Del. Supr. 2001), citing, *Mazda Motor Corp. Lindahl*, 706 A.2d 526, 533 (Del. Supr. 1998); *Bell v. Sports, Inc. v.* Yarusso, 759 A.2d 582, 588 (2000) (applying the case by case reliability analysis developed in *Daubert v. Merrell Dow. Pharm., Inc.* 509 U.S. 579 (1993)). In so doing, Delaware courts have recognized that absent expert testimony, any inference by the jury linking the extent of property damage to a motor vehicle to the severity of the plaintiff's personal injuries "would necessarily amount to unguided speculation." *Davis* at 40.

In *Davis*, the Supreme Court of Delaware considered the need for expert testimony to admit photographs depicting property damage sustained by plaintiff's vehicle as a result of a motor vehicle accident. The Court found that the trial court improperly admitted the photographs because it failed to give an instruction limiting the jury from relating plaintiff's personal injuries to the property damage sustained by his motor vehicle.

In the present case, the sole issue for the jury to determine concerns the nature and extent of plaintiff's personal injuries. The only purpose in introducing the photographs is to suggest a correlation between the severity of the property damage to plaintiff's vehicle and plaintiff's personal injuries. Plaintiff has not identified any expert to testify about this correlation. Absent expert testimony, the jury is ill-equipped to make this correlation based on their common knowledge.

Furthermore, photographs of the damage to plaintiff's vehicle have no relevancy to this issues at trial. F.R.E. 401 defines relevant evidence as:

> Evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in a case. F.R.E. 401, Advisory Committee Notes; Hulmes v. Honda Motor Company, LTD, 936 F. Supp. 195 (N.J. 1996) Therefore, it follows that evidence is irrelevant when it has no tendency to prove a fact that is of consequence to the outcome of the action.  Blancha v. Raymark Indus., 972 F.2d 507, 514 (3d Cir. 1992), quoting, 22 Charles A. Wright & Kenneth W. Graham, Federal Practice and Procedure: Evidence § 5166, at 74 n. 47 (1978).

Even assuming that plaintiffs have some other purpose for admitting the photographs as evidence at trial, there is a risk that the jury will draw an improper inference from the photographs.  Pursuant to Federal Rule of Evidence 403, relevant evidence may be precluded if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  F.R.E.  403.  This Rule requires the court to balance the unfair prejudice against the value of the evidence. Hulmes v. Honda Motor Co. LTD, 936 at.

201. "Unfair prejudice" is defined as an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one. Advisory Committee Notes to F.R.E. 403.

Weighing the probative value of the property damage photographs to the prejudice to the defendants, it is clear that these photographs should be excluded. It is undisputed that plaintiff was traveling at high rate speed on Dupont Highway and that she struck the rear of the plaintiff's vehicle. The only probative value of the photographs is to depict the location and extent of the damage to plaintiff's motor vehicle as a result of the accident. The value of this evidence is minimal when compared to the unfair prejudice to defendants. The photographs will improperly lead the jury to make certain inferences about the severity of plaintiff's injuries. This improper inference may cause the jury to decide the case based on emotion rather than the facts about the nature and extent of plaintiff's injuries. In order to avoid the risks of unfair prejudice to the defendants created by these property damage photographs, said photographs must be precluded from evidence at trial.

Similarly, plaintiff's photographs of the accident are not relevant. During discovery, plaintiff provided photographs taken of the accident scene during the day. She also provided photographs with grassy area in the forefront and a dark highway in the background. Plaintiff never identified who took the photographs, when they were taken, or what time of day they were taken. The daytime photographs have no probative value and only depict the area where the accident occurred during daylight hours. Given that this accident occurred shortly before sunrise, it does not accurately depict the conditions at 5:48 a.m. on November 1, 2002. There is no indication of what the other photographs are of or what they are intended to depict. There are no landmarks depicted to assist the viewer in determining the location of the accident scene. As

with the photographs of the vehicles, the photographs of the accident scene are more prejudicial than probative and fail to assist the trier of fact.

## II.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Honorable Court grant their Motion *in Limine* to Preclude evidence of the photographs.

RAWLE & HENDERSON LLP


*/s/Delia Clark*
Delia A. Clark, No. 3337
300 Delaware Avenue, Suite 1015
Wilmington, DE 19801


*/s/ Dawn L. Jennings*
Dawn L. Jennings
The Widener Building
One South Penn Square
Philadelphia, PA 19107
Attorneys for defendants

1289549 v.1