IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOYCE CORNETT | : | CASE NO. 04-1411 KAJ |
| | : | |
| v. | : | |
| | : | |
| NATHANIEL EDWARDS, JR. | : | |
| and | : | |
| FEDERAL EXPRESS CORP. | : | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*
TO PRECLUDE THE TESTIMONY OF DEFENSE MEDICAL WITNESS**

Defendants Nathaniel Edwards and Federal Express Corp., by and through their counsel, Rawle & Henderson, LLP, hereby submit this memorandum of law in opposition to plaintiff's motion in limine to preclude the testimony of defense medical witness:

Expert testimony is admissible under the Federal Rule of Evidence 702:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The Advisory Committee noted in drafting Rule 702 that " an intelligent evaluation of facts is often difficult or impossible without the application of some scientific, technical, or other specialized knowledge. The most common source of this knowledge is the expert witness." Advisory Committee's Note to F.R.E. 702.

Trial judges are given broad discretion to determine the qualifications of expert witnesses and to decide whether expert testimony may assist the jury's deliberations. *United States v. Dellinger,* 472 F.2d 340, 382-83 (7th Cir. 1972), *cert. denied,* 410 U.S. 970, 93 S.Ct. 1443, 35

L.Ed.2d 706 (1972). It is the plaintiff's burden, not defendants, to establish the cause of the accident, injuries and damages. A defense expert need not testify to a reasonable decree of certainty when rebutting the testimony of plaintiffs' expert as to the cause of a loss. *St. Paul Fire and Marine Insurance v. Nolen Group*, Civil Action Nos. 02-8601, 03-3192, 03-3651 (consolidated case) (E.D.Pa. 2005), citing, *Holbrook v. Lykes Bros. Steamship Co., Inc.*, 80 F.3d 777, 786 (3d. Cir. 1996). Moreover, while the testimony must be factually based, the burden of exploring the facts and assumptions underlying the expert testimony rests on opposing counsel during cross-examination. *St. Paul Fire and Marine Insruance*, at 21, citing, *Stecyk v. Bell Helicopter Textron Inc.,* 295 F.3d 408, 414 (3d. Cir. 2002).

In *St. Paul*, the plaintiffs filed a motion to preclude the defense expert as speculative because he did not submit his opinions within a degree of scientific certainty and asserted in his opinions in terms of "could have." The defendants argued that defense experts were not required to testify to a reasonable degree of certainty and that the plaintiff have the opportunity to test the assumptions made during cross examination. The district Court agreed, holding that the opinions of the defense expert can be challenged during cross examination and should not be excluded for lacking certainty. *Id* at 21-22.

Similarly, In *Holbrook*, the opinions of the defense experts were stated in terms of "distinct possibility" and not to a reasonable degree of certainty. The Third Circuit held that defense expert was not required to testify to a reasonable degree of certainty because it was sufficiently certain on rebuttal and could help the jury on the issue of causation. *Id.* at 786.

In the present case, Dr. Fedder's opinions are based on a factual foundation and reliable methodology. Dr. Fedder is a neurosurgeon and the chief of Neurosurgery at Lankenau Hospital. There is no dispute as to his qualifications as an expert. In his report, Dr. Fedder

concluded that in "all probability" plaintiff struck the truck because of her inability to see it in her restricted visual field. Dr. Fedder also testified that the it was possible that plaintiff sustained an epileptic seizure that impaired her ability to operate a vehicle at the time of the accident. Dr. Fedder based this opinion on plaintiff's clinical history and a review of laboratory tests taken at the emergency department of Christiana Hospital revealing that the Dilantin levels were sub-therapeutic at the time of the accident.

Dr. Fedder's opinions were based on his experience as neurosurgeon, coupled with his review of the medical records and his evaluation of the plaintiff. Like *Holbrook,* Dr. Fedder's opinions were based on a factual foundation and can assist the jury in assessing the causation. As stated above, the Third Circuit does not require a defense expert to testify to a reasonable degree of certainty. In fact, the Third Circuit has held that opinions phrased in terms of "could have" and "distinct possibility" are sufficient for defense expert opinions. It is up to the Plaintiff to explore these opinions during cross-examination.

### Conclusion

For the foregoing reasons, defendants respectfully request that this Honorable Court deny plaintiff's Motion in Limine to Preclude the Testimony of Defense Medical Witness.

RAWLE & HENDERSON LLP

*/s/Delia Clark*
Delia A. Clark, No. 3337
300 Delaware Avenue, Suite 1015
Wilmington, DE 19801

/s/ *Dawn L. Jennings*
Dawn L. Jennings
The Widener Building
One South Penn Square
Philadelphia, PA 19107
Attorneys for defendants

1292936 v.1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing response in opposition to Plaintiff's motion *in limine* to preclude defense medical witnesses. Defenses was served upon the below-listed counsel of record this day by electronic and first class mail:

        Thomas F. Sacchetta, Esquire
        Sacchetta & Baldino
        308 East 2nd Street
        Media, PA 19603

        Timothy M. Rafferty
        P.O. Box 627
        Hockessin, DE 19707
        Attorneys for Plaintiff

        RAWLE & HENDERSON LLP


        By: __*/s/ Delia Clark*_____
            Delia A. Clark, No. 3337
            300 Delaware Avenue, Suite 1015
            Wilmington, DE 19801
            302-654-0500
            Attorney for Defendants


        By: ___*/s/Dawn Jennings*_____
            Dawn L. Jennings
            Rawle & Henderson, LLP
            The Widener Building
            One South Penn Square
            Philadelphia, PA 19107
            (215) 575-4200

DATED: April 20, 2006

1292936 v.1