IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOYCE CORNETT | : | CASE NO. 04-1411 KAJ |
| | : | |
| v. | : | |
| | : | |
| NATHANIEL EDWARDS, JR. | : | |
| and | : | |
| FEDERAL EXPRESS CORP. | : | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE VIDEOTAPE/PHOTOGRAPHS/TESTIMONY**

Defendants Nathaniel Edwards and Federal Express Corp., by and through their counsel, Rawle & Henderson, LLP, hereby submit this memorandum of law in opposition to plaintiff's motion in limine to preclude the videotape/photographs/testimony:

F.R.E. 401 defines relevant evidence as:

> Evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in a case. F.R.E. 401, Advisory Committee Notes; Hulmes v. Honda Motor Company, LTD, 936 F. Supp. 195 (N.J. 1996). The fact to be proved may be ultimate, intermediate or evidentiary; it matters not, so long as it is of consequence which required that the evidence related to a "material" fact. Advisory Committee Notes. Evidence which is "background" is admissible as an aid to understanding. Charts, and photographs fall in this category. *Id.*

During the course of litigation, defendants videotaped the accident location at the relative time of day as the accident. The videotape accurately depicts the accident location, including the position of the FedEx truck, and the illumination of the area on the day and time of the accident.

1293896 v.1

At deposition, independent witness, Louis Hendricks, verified that the videotape accurately depicted the accident location, the illumination and the conditions as they existed at the time of the accident. The videotape is in no way a reenactment nor was it ever intended to be a reenactment of the accident. The videotape is simply a moving depiction demonstrating the accident location and what was visible to plaintiff and Hendricks at the time of the accident. Similarly, Howard Jaffe is the representative of Best Evidence Productions, the company who took the videotape. He will also authenticate the videotape and testify about the steps taken to confirm that the videotape accurately depict the accident location as it existed at the time of the accident.

Federal Rule of Evidence 403, requires the court to balance the probative value of the evidence against the danger of any unfair prejudice. <u>Hulmes v. Honda Motor Co. LTD</u>, 936 at. 201. "Unfair prejudice" is defined as an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one. Advisory Committee Notes to F.R.E. 403.

Weighing the probative value of the videotape of the accident location to the prejudice to the plaintiff, it is clear that the videotape should be admitted. As authenticated by independent witness, Louis Hendricks, the videotape depicts the accident location as it existed at the time of the accident. This evidence is valuable to assist the jury in understanding the conditions of the accident location, including the illumination of the area and what was visible to plaintiff and Hendricks at the time of the accident. The videotape provides no reenactment of the accident. It is simply a "moving" depiction of the accident location to be used as demonstrative evidence. Thus, there is no prejudice to the plaintiff.

1293896 v.1

**Conclusion**

For the foregoing reasons, defendants respectfully request that this Honorable Court deny plaintiff's Motion in Limine to Preclude the Videotape/Photographs/Testimony.

RAWLE & HENDERSON LLP

/s/Delia Clark
Delia A. Clark, No. 3337
300 Delaware Avenue, Suite 1015
Wilmington, DE 19801

/s/ Dawn L. Jennings
Dawn L. Jennings
The Widener Building
One South Penn Square
Philadelphia, PA 19107
Attorneys for defendants

1293896 v.1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing response in opposition to Plaintiff's motion *in limine* to preclude videotape/photographs/testimony was served upon the below-listed counsel of record this day by electronic and first class mail:

Thomas F. Sacchetta, Esquire
Sacchetta & Baldino
308 East 2nd Street
Media, PA 19603

Timothy M. Rafferty
P.O. Box 627
Hockessin, DE 19707
Attorneys for Plaintiff

RAWLE & HENDERSON LLP

By: __/s/ Delia Clark_____
  Delia A. Clark, No. 3337
  300 Delaware Avenue, Suite 1015
  Wilmington, DE 19801
  302-654-0500
  Attorney for Defendants

By: ___/s/Dawn Jennings_____
  Dawn L. Jennings
  Rawle & Henderson, LLP
  The Widener Building
  One South Penn Square
  Philadelphia, PA 19107
  (215) 575-4200

DATED: April 20, 2006

1293896 v.1